CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMES KIRBY NELMS,

Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC. and BOBBIE CARROLL, LPN,

Defendants.

Case No. 7:25-cv-00251

**MEMORANDUM OPINION**

By: Hon. Thomas T. Cullen
United States District Judge

---

Plaintiff James Kirby Nelms, a former Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Wexford Health Sources, Inc., and Bobbie Carroll, LPN.[1] (*See* Compl. [ECF No. 1].) This matter is before the court on Defendants' motion to dismiss. (ECF No. 21). For the following reasons, the court will grant the motion to dismiss.

## I. BACKGROUND

This matter stems from events that allegedly occurred while Nelms was held at the Duffield Regional Jail (the "jail"). (*See* Compl. at 1.) Wexford is a private contractor that provides health services to inmates at the jail, and Carroll is a nurse there. (*See id.* at 1–2.) Nelms makes the following factual allegations in his complaint, which the court accepts as true when analyzing the motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

Nelms alleges that on March 28, 2025, at 7:28 a.m., he was waiting in line to receive medication when an inmate in front of him gave Carroll "a used[,] dirty" catheter. (Compl. at 2.) Nelms further alleges that Carroll took the catheter from the inmate "in an open pack[,]"

---

[1] In his complaint, Nelms named Wexford Health Sources, Inc., and Bobbie Carroll, LPN as "Duffield Regional jail medical department" and "Nurse Carrol," respectively. (*See* Compl. at 1.) Defendants have subsequently filed notices providing their correct identities. (*See* ECF Nos. 11, 17.)

folded it, and placed it in a trash can but "did not change her gloves and continued to pass out medication." (*Id.*) According to Nelms, two officers were present and called Carroll's attention to the matter. (*Id.*)

On April 3, 2025, Nelms executed his complaint. (*See id.* at 3.) On May 7, 2026, Defendants filed their motion to dismiss. (ECF No. 21.) Nelms filed a response in opposition (ECF No. 24), Defendants did not file a reply, and the motion to dismiss is ripe for disposition.

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

Nelms is pursuing his claims against Defendants under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his rights under the Constitution or laws of the United States. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

As an initial matter, Nelms is not clear about the nature of his claims in his complaint. (*See* Compl.) Upon review, the complaint could be read as claiming that Nelms received inadequate medical care from Defendants or challenging his conditions of confinement at the jail. (*See id.*) But in their briefing, Defendants characterize Nelms claims as deliberate-indifference-to-serious-medical-needs claims. (*See* ECF No. 22 at 4–8.) Nelms does not dispute this characterization of his claims in his response. (*See* ECF No. 24.) Accordingly, the court will assess Nelms' claims under the rubric of deliberate indifference to serious medical needs. The court addresses Nelms' claims against each of the Defendants in turn.

### A. Wexford

As noted, Wexford is a private corporation that provides medical services to inmates at the jail. (*See* Compl. at 1.) Nelms cannot seek to hold Wexford vicariously liable for the

actions of Carroll or any of Wexford's employees. *See Clark v. Md. Dep't of Pub. Safety and Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) (per curiam) (citing *Rodriquez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003)). Instead, for Wexford to be liable for his claims, Nelms must show that "an official policy or custom of the corporation caused the alleged deprivation of federal rights." *Henderson v. Riverside Reg'l Jail*, No. 1:23-cv-00693, 2024 WL 3093572, at *4 (E.D. Va. June 20, 2024) (quoting *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999)). To survive a motion to dismiss, a plaintiff's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Allen v. Good*, No. 7:22-cv-00351, 2023 WL 5984287, at *6 (W.D. Va. Sept. 14, 2023) (quoting *Henderson v. Harris Cnty.*, 51 F.4th 125, 130 (5th Cir. 2022)).

Nelms has not identified any official policy or custom of Wexford's that allegedly caused his constitutional injuries. (*See* Compl.) Indeed, in his complaint, Nelms does not allege any facts whatsoever that are attributable to Wexford. (*See id.*) Accordingly, Nelms has failed to state a claim against Wexford, and Defendants' motion to dismiss will be granted as to this Defendant.

**B. Carroll**

As noted, Nelms alleges that Carroll took "a used[,] dirty" catheter from an inmate for disposal but "did not change her gloves and continued to pass out medication." (Compl. at 2.) Though Nelms never states as much, the court understands him to allege that Carroll provided him with medication while wearing the dirty gloves. (*See id.*) Regardless, Nelms has failed to allege a constitutional violation attributable to Carroll, and his claim against this Defendant will be dismissed.

Nelms does not state whether he was a pretrial detainee or a convicted inmate when the events at issue allegedly occurred. (*See* Compl.) And depending on Nelms' incarcerated status at the time, either the Eighth Amendment or the Fourteenth Amendment would apply to his claims. *See Lynch v. Hill*, No. 7:25-cv-00753, 2026 WL 1046595, at *2–4 (W.D. Va. Apr. 17, 2026). But in this case, the distinction is largely academic. At worst, Nelms's allegations against Carroll might show that she was negligent in failing to change gloves after handling the used catheter. But mere negligence does not suffice to state a claim under either the Eighth Amendment or the Fourteenth Amendment. *See Short v. Hartman*, 87 F.4th 593, 611–12 (4th Cir. 2023) (holding that to state a Fourteenth Amendment deliberate-indifference claim, "it is still not enough for the plaintiff to allege that the defendant negligently or accidently failed to do right by the detainee."); *see also Campbell v. Florian*, 972 F.3d 385, 395 (4th Cir. 2020) (Under the Eighth Amendment, "[d]eliberate indifference is a very high standard[] and a showing of mere negligence will not meet it.") (internal quotation marks omitted). Accordingly, Nelms has failed to state a claim against Carroll, and Defendants' motion to dismiss will be granted as to this Defendant.

## IV. CONCLUSION

For the reasons stated above, the court will grant Defendants' motion to dismiss.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 14th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE